57 N.J. 442 (1971)
273 A.2d 355
THE STATE OF NEW JERSEY, COMPLAINANT-APPELLANT, IN THE INTEREST OF J.M., JUVENILE-RESPONDENT.
The Supreme Court of New Jersey.
Argued January 12, 1971.
Decided February 8, 1971.
*443 Mr. George A. Cluff, Assistant Prosecutor, argued the cause for appellant (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
Mr. Edward Weisslitz, Assistant Deputy Public Defender, argued the cause for respondent (Mr. Stanley C. Van Ness, Public Defender, attorney).
PER CURIAM.
The juvenile was adjudged delinquent upon a complaint which alleged he "was in possession of narcotics paraphernalia, namely a hypodermic needle and an eyedropper." The Appellate Division reversed. We granted certification. 57 N.J. 132 (1970).
The complaint did not specify which subsection of N.J.S.A. 2A:4-14, which defines juvenile delinquency, was offended by the conduct with which the juvenile was charged. Although neither the complaint nor the judgment referred to subsections "a" or "b" which deal with delinquency in *444 terms of acts punishable when committed by a person of the age of 18 years or over, the Appellate Division nonetheless concluded the case was tried in the light of N.J.S.A. 2A:170-77.5, which makes it a disorderly persons offense to possess "a hypodermic syringe, hypodermic needle or any other instrument adapted for the use of narcotic drugs by subcutaneous injections with intent to use such syringe, needle or instrument for such purpose." Thus approaching the case, the Appellate Division concluded the evidence would not warrant a finding beyond a reasonable doubt that defendant intended to use the needle and eyedropper for such purpose.
We think the Appellate Division erred for two reasons. The first is that the evidence was ample to justify a finding of possession with intent to use the paraphernalia for subcutaneous injection of narcotics. An eyedropper and a hypodermic needle in combination are peculiarly adapted for such use of narcotics, and when the fact that those instruments were secreted in the lining of the juvenile's jacket is added, an intent to use the paraphernalia for that purpose is readily inferred. The second reason is that the possession of narcotics paraphernalia with an awareness of their character is itself ample basis for the intervention of the court under subsection "m" of N.J.S.A. 2A:4-14 which covers "Deportment endangering the morals, health or general welfare of said child." A juvenile who has narcotics paraphernalia secreted upon his person is very much in need of present help. That conduct in itself is a danger to the morals, health and general welfare of the child, even without a present intent to use the equipment.
The Appellate Division decided this case before our decision in State in Interest of A.R., 57 N.J. 71 (1970). There the child was charged with sniffing Carbona fluid. There, as here, the complaint did not specify the subsection of N.J.S.A. 2A:4-14 which the draftsman of the complaint had in mind, and there, as here, there was no reference to a statute making such conduct punishable in *445 the case of a person of the age of 18 years or over. In rejecting the contention that the notice of charges required by due process was thereby denied, we said (57 N.J. at 72-73):
"The criticism is frivolous. Counsel could have had no difficulty in understanding the charge and preparing to meet it. The factual allegations were precise. The charge came easily within subsection `m' of N.J.S.A. 2A:4-14 which speaks of `Deportment endangering the morals, health or general welfare of said child.' That the conduct might also come within other subsections could hardly have hindered counsel in his preparation or at the hearing, for a violation of one subsection suffices for an adjudication of delinquency and the consequences to the juvenile do not depend upon whether the conduct charged might also violate another subsection."
We added that nonetheless a complaint should cite the relevant subsection of section 14 as well as the penal statute if one is involved in the charge of delinquency, as now required by our rule, R. 5:8-1(a), but we emphasized that "the end sought is fair notice and neither a failure to cite nor a miscitation will be fatal if the juvenile is not misled to his prejudice."
Here there is no possible basis for a claim of prejudice. The factual allegation was explicit. Counsel needed no clarification and sought none.
In all of these matters the record should contain explicit fact findings and should do so with express reference to a specific subsection of N.J.S.A. 2A:4-14 and to any State or local legislation which figures in the charge and determination. The litigant and the appellate court should be so informed. We see no harm in the present case, but we stress that trial courts are obliged to make such findings.
The remaining issues raised before the Appellate Division were that the trial judge's verdict was against the weight of the evidence and that the paraphernalia were obtained by an illegal search and seizure. We find no substance in either claim.
*446 The judgment of the Appellate Division is reversed and the judgment of the trial court is affirmed.
For reversal  Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN  7.
For affirmance  None.